**JUDGE MARRERO**

EDWARD A. KEANE (EAK-ER-2473)
McDERMOTT & RADZIK, LLP
*Attorneys for Plaintiffs*
Wall Street Plaza
88 Pine Street – 21st Floor
New York, NY 10005-1801

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

Matsuoka Reizo Co., Ltd.,

        Plaintiff,

  - against -

Sea Trade International Inc. and China Ocean
Shipping Co., Ltd.,

        Defendants.

------------------------------------------------------------X

07 Civ. **07 CV 10297**

**COMPLAINT**

Plaintiff, by its attorneys, McDERMOTT & RADZIK, LLP, alleges upon information and belief, as follows:

**FIRST**: All and singular the following premises are true and constitute an admiralty or maritime claim within the meaning of Rule 9 (h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

**SECOND**: At and during all the times hereinafter mentioned, Plaintiff had and now has the legal status and principal office and place of business stated in Schedule "A", hereto annexed, and by this reference made a part hereof.

**THIRD:** At and during all the times hereinafter mentioned, Defendants had and now have the legal status and office and place of business stated in Schedule "A", and were and now are engaged in business as common carriers of merchandise by water for hire, and owned, operated, managed, chartered and/or otherwise controlled the vessel above named as common carriers of merchandise by water for hire.

**FOURTH:** This Court has personal jurisdiction over the Defendants by reason of Defendants' regular and systematic contacts with the State of New York.

**FIFTH:** On or about the date and at the port of shipments stated in Schedule "A", there was shipped by the shipper therein named and delivered to Defendants as common carriers, the shipment described in Schedule "A" then being in good order and condition, and Defendants then and there accepted said shipment so shipped and delivered to them, and in consideration of certain agreed freight charges thereupon paid or agreed to be paid, agreed to transport and carry the said shipment to the port of destination stated in Schedule "A", and there deliver the same in like good order and condition as when shipped, delivered to and received by them, to the consignee named in Schedule "A".

**SIXTH:** Thereafter, the vessel listed in Schedule "A" arrived at the port of destination, where it and Defendants made delivery of the shipment, but not in like good order and condition as when shipped, delivered to and received by them, but on the contrary, seriously injured and impaired in value by reason of the matter and things stated in Schedule "A", all in violation of Defendants' and the said vessel's obligations and duties as common carriers of merchandise by water for hire.

**SEVENTH**: Plaintiff was the shipper, consignee or owner of the shipment described in Schedule "A" and brings this action on its own behalf and as agent or trustee on behalf of and for the interest of all parties who may be or become interested in the said shipment, as its respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

**EIGHTH:** Plaintiff has performed all obligations to be performed on the part under the contract of carriage and otherwise.

**NINTH:** By reason of the premises, Plaintiff has sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the sum of $45,371.63.

**WHEREFORE**, Plaintiff prays:

1. That process in due form of law may issue against Defendants citing them to appear and answer all and singular the matters aforesaid;

2. That if Defendants cannot be found within this District, then all of their property within this District as shall be described in Schedule "A", be attached in the sum of $45,371.63, with interest thereon and costs, the sum sued for in this Complaint;

3. That Judgment may be entered in favor of Plaintiff against Defendants jointly and severally for the amount of Plaintiff's damages, together with interest and costs and the disbursements of this action;

4. That this Court will grant to Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
November 13, 2007

        McDERMOTT & RADZIK, LLP
        Attorney for Plaintiff,


BY: _____
    EDWARD C. RADZIK (ER-2473)
    Wall Street Plaza
    88 Pine Street
    New York, New York 10005-1801
    (212) 376-6400
    (File: